RECEIPT # 56264
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-27-04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NAVIGATOR LOGISTICS MANAGEMENT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> L & G EXPRESS, INC. and HARTFORD INSURANCE GROUP, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. <br><br> **04 11871 PBS** |

**NOTICE OF REMOVAL**           MAGISTRATE JUDGE Cohen

**TO:** The Honorable Judges of the United States District Court for the District of Massachusetts:

1. The Petitioner, Hartford Fire Insurance Company ("Hartford"), respectfully shows, upon information and belief, that it is one of the two named defendants in the above-entitled civil action brought by the plaintiff, Navigator Logistics Management, Inc. ("Navigator"), which is now pending in the Plymouth Superior Court Department, Plymouth County Massachusetts, Civil Action No. 2004-867-B ("Civil Action").

2. On or about July 28, 2004, the Civil Action was commenced in the aforesaid Plymouth Superior Court Department, and Petitioner was served, via certified mail on August 9, 2004, with the Summons, Complaint and Plaintiff's Statement of Damages, **Exhibit A** hereto.

3. Upon information and belief, no further proceedings have been had in the Civil Action, and the time of Petitioner within which to file a notice of removal has not expired.

4.   **Jurisdiction**.  Based on the allegations contained in the Complaint, this is a civil suit which may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441 in that Plaintiff alleges a claim involving an Act of Congress regulating commerce, to wit: a claim in excess of $10,000, exclusive of costs, for loss or damage to a shipment of property allegedly transported by defendant L & G Express, Inc. ("L & G"), Petitioner's insured, in interstate commerce from Baltimore, Maryland to Katy, Texas and City of Commerce California on or about December 22, 2003.  Complaint, ¶¶ 4-8.  Therefore, the Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14706, governs Plaintiff's claims for loss or damage to the subject shipment.  The amount of damages claimed by Plaintiff is $55,531.45.  *See* Exhibit A, Statement of Damages.  The action is therefore removable pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

In addition, Plaintiff's claim against Petitioner is based upon Petitioner's having filed a Form BMC-32 endorsement with the Federal Motor Carrier Safety Administration as provided for in 49 U.S.C. § 13906.  Complaint, ¶ 13.  Therefore, both original jurisdiction under 28 U.S.C. § 1337(a) *and* supplemental jurisdiction pursuant to 28 U.S.C. § 1367 exist over Plaintiff's claim against Petitioner in that Plaintiff's claim against Petitioner is so related to its claim against L & G that it forms a part of the same case or controversy under Article III of the United States Constitution.

Pursuant to 28 U.S.C. § 1441(a), this action is one that may be removed by Petitioners to this Court.

5.   **Non-Joinder of Defendant L & G**.  The fact that defendant L & G has not joined in this removal does not affect Hartford's right to remove for several reasons.  Upon information and

belief, L & G has not been served nor has it appeared or answered in this action and it is unknown whether it ever will. Nonetheless, the Complaint does not allege sufficient facts to show that L & G, a corporation headquartered in Illinois, Complaint, ¶ 2, conducted sufficient activities in Massachusetts or that the shipment involved in this lawsuit, which was transported from Maryland to Texas and California, Complaint, ¶ 4, had anything to do with Massachusetts that would constitute a basis for this Court (or any Massachusetts court) to exercise personal jurisdiction over L & G. The fact that L & G may have designated an agent for service of process in Massachusetts for purposes of complying with 49 U.S.C. §§ 13303 and 13304 does not confer personal or subject matter jurisdiction over L & G on these alleged facts.

In addition, even if L & G has been served, such service would be ineffective and would not confer personal jurisdiction of this Court over L & G, and hence it need not join in this removal, because a civil action seeking to recover damages for goods lost or damaged in interstate commerce must be brought against the carrier alleged to have caused the loss or damage (L & G) in the judicial district in which such loss or damage is alleged to have occurred. 49 U.S.C. § 14706(d)(2). Since the loss in this case is alleged to have occurred during transportation from Maryland to Texas and California, Complaint, ¶¶ 4-8, and had nothing to do with Massachusetts, this Court lacks subject matter jurisdiction over Plaintiff's claim against L & G and any service upon L & G is ineffective.

Nominal defendants or defendants named to prevent removal need not join in the removal. Farias v. Bexar County Bd. of Trustees, 925 F.2d 866, 871 (5th Cir. 1991); Tri Cities Newspapers, Inc. v. Tri Cities P.P. & A. Local 349, 427 F.2d 325, 327 (5th Cir. 1970); Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272-273 (7th Cir. 1982). If a defendant has not been served, the removing party need not join that defendant in the removal. Great American Insurance Company v. K& R Transportation, Inc., 2004 U.S. Dist. LEXIS 8695 (N.D. Ill. 2004).

6.     **Venue**. Petitioner desires to remove this action to the district court of the United States for the district in which it is now pending, to wit, the District of Massachusetts. 28 U.S.C. § 1446(a).

7.     After the filing of this Notice of Removal with the United States District Court for the District of Massachusetts, (a) written notice of the filing of this notice will be given by the attorneys for Petitioner to Plaintiff and all other parties as provided by law, (b) a certified copy of this notice will be filed with the Clerk of the Plymouth Superior Court Department, Plymouth, Massachusetts, and (c) certified copies of all pleadings on file in said Plymouth Superior Court Department will be filed with this Court.

8.     Petitioner has a good and sufficient defense to Plaintiff's claims in this action.

9.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioner Hartford Fire Insurance Company prays that this action be removed from the Plymouth Superior Court Department, Plymouth, Massachusetts, to the United States District Court for the District of Massachusetts.

HARTFORD FIRE INSURANCE COMPANY
By its attorney,

August 27, 2004

Wesley S. Chused, BBO #083520
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on August 27 2004, I served a copy of the foregoing **NOTICE OF REMOVAL** upon all parties hereto electronically or via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

>Leonard M. Singer, Esq.
>Craighead Glick LLP
>277 Dartmouth Street
>Boston, MA 02116
>
>L & G Express, Inc.
>6731 North Keating Avenue
>Lincolnwood, IL 60712

_/s/ Wesley S. Chused_
Wesley S. Chused

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Navigator Logistics Management, Inc.

### DEFENDANTS
L & C Express, Inc. and Hartford Insurance Group

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: 25023
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: 88888
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04 11871 PBS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Leonard M. Singer, BBO #464600
Craighead Glick LLP, 277 Dartmouth Street
Boston, MA 02116, Tel: (617) 859-8200

ATTORNEYS (IF KNOWN)
Wesley S. Chused, BBO #083520
Looney & Grossman LLP, 101 Arch Street
Boston, MA 02110, (617) 951-2800

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☒ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action for interstate freight loss and damage. 49 U.S.C. 14706

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 55,531

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: August 27, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/ Wesley S. Chused

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Navigator Logistics Management, Inc. v. L & G Express, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    __   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    __   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    __   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    __   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    No

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                                                YES          NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                                                YES          NO X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                                                YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                                                YES          NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                                                YES          NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Wesley S. Chused
ADDRESS  Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110
TELEPHONE NO.  (617) 951-2800, Fax (617) 951-2819

(Cover sheet local.wpd - 11/27/00)