UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAVIGATOR LOGISTICS MANAGEMENT, INC., )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>L & G EXPRESS, INC. and )<br>HARTFORD INSURANCE GROUP, )<br>)<br>*Defendants.* )<br>) | CIVIL ACTION<br>NO. 04-11871-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT HARTFORD
FIRE INSURANCE COMPANY'S MOTION TO DISMISS**

Defendant Hartford Fire Insurance Company ("Hartford") submits this Memorandum in support of its Motion to Dismiss ("Motion") the Complaint of the plaintiff, Navigator Logistics Management, Inc. ("Navigator"), on the grounds that the Complaint fails to state a claim upon which relief can be granted under the Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §14706. In support of this Motion, Hartford directs the Court to the following facts alleged in the Complaint and governing law, which demonstrate that Hartford's Motion should be granted.

**Facts Alleged in Complaint:**

Plaintiff Navigator has alleged that it "is a broker in the business of arranging for the shipment of goods." Complaint, ¶1. Navigator further alleges that on or about December 22, 2003, defendant L & G Express, Inc. ("L & G"), allegedly insured by Hartford, received a shipment of

2,208 cases of air fresheners from a warehouse operated by Medo Industries in Baltimore, Maryland for delivery to consignees in Katy, Texas (400 cases) and City of Commerce, California (1,808 cases).  <u>Complaint</u>, ¶¶4 and 12.  Navigator further alleges that the cases consigned for delivery to City of Commerce, California were never delivered by L & G.  <u>Complaint</u>, ¶6.  The Complaint is silent as to what exactly Navigator did with respect to the shipment, except for Navigator's allegation that it "has been authorized to bring this action by all the parties having any interest in the missing goods."  <u>Complaint</u>, ¶7.  As a result, Navigator alleges that it "has been damaged by L & G's failure to deliver the air fresheners to City of Commerce, California."  <u>Complaint</u>, ¶8.

Based upon the foregoing facts, Navigator asserts two causes of action:  Count I, against L & G, for breach of its (L & G's) alleged duty to deliver the 1,808 case shipment to the consignee at City of Commerce, California, and Count II, against Hartford, alleging that Hartford is liable pursuant to a so-called Form BMC-32 Endorsement filed with the Federal Motor Carrier Safety Administration  ("FMCSA") pursuant to 49 U.S.C. §13906(a)(3).  <u>Complaint</u>, ¶¶12-14.

**<u>Argument</u>:**

    1.    **<u>Navigator has no standing to sue.</u>**

On its face the Complaint fails to state a claim upon which relief can be granted and must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  This is because Navigator has not alleged any facts sufficient to show that it has any standing upon which to file this lawsuit and recover any damages.  More specifically, Navigator's bald allegation that it "has been authorized to bring this action by all the parties having any interest in the missing goods," <u>Complaint</u>, ¶7, is an admission that Navigator has no legal right to bring this action in its own name.  The legal deficiency of Navigator's Complaint is borne out by the alleged facts and the governing law, which

is the Carmack Amendment to the ICCTA, 49 U.S.C. §14706. This statute governs exclusively the rights, duties and liabilities of shippers and carriers with respect to claims involving loss or damage to shipments of goods transported in interstate commerce and provides, *inter alia*, as follows:

> **(a) General liability.—**
> **(1) …** A *carrier* providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That *carrier* and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 *are liable to the person entitled to recover under the receipt or bill of lading*. 49 U.S.C. §14706(a)(1). (Emphasis added)

By its own admission, Navigator was neither the shipper, the consignee nor the carrier of the shipment and has thereby failed to allege facts sufficient to show that it is entitled to recover under the Carmack Amendment or that L & G, or Hartford for that matter, could be legally liable to Navigator. Navigator's bald allegation that it "has been authorized to bring this action by all the parties having any interest in the missing goods," Complaint, ¶7, is not sufficient to demonstrate that Navigator is legally entitled to recover for loss of the subject shipment.

Presumably, although it is not alleged in the Complaint, Navigator was acting as a broker with respect to Medo Industries' shipment of air fresheners. A broker is defined as "a person, *other than a motor carrier* or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself by solicitation . . . as selling, providing or arranging for transportation by motor carrier for compensation." (Emphasis added) 49 U.S.C. §13102(2); *Chubb Group of Insurance Companies v. H.A. Transportation System, Inc.*, 243 F. Supp. 2d 1064, 1070 (C.D. Cal. 2002). The Carmack Amendment does not apply to brokers. *Id*. at 1068-1069. Since the Carmack Amendment does not apply to brokers, Navigators cannot be legally liable to Medo Industries or the shipper, consignee or beneficial owner of the goods, and therefore it cannot be

liable for the alleged loss under the Carmack Amendment, and it has no standing upon which to recover against either L & G or Hartford.  See, *Professional Communications, Inc. v. Contract Freighters, Inc.*, 171 F. Supp. 2d, 546, 551-552 (D. Md. 2001).  The fact that Navigator alleges that it has been authorized to bring this action by all interested parties is meaningless in the absence of explicit backup facts and documents for an obvious and simple reason:  if Navigator were permitted to recover a judgment in this action against L & G or Hartford, then there would be nothing to prevent the beneficial owner(s) of the lost property (presumably Medo Industries) from also instituting suit against L & G and Hartford and seek recovery under the Carmack Amendment for the exact same loss, thereby subjecting the defendants to potential duplicate liability and judgments.

Navigator's conclusory allegation that it "has been damaged by L & G's failure to deliver" the shipment to California, Complaint, ¶8, is patently and legally false because it did not own the goods and cannot be liable, as a matter of law, to the beneficial owner(s) of the goods.  Navigator was not the motor carrier and it never had care, custody or control over the shipment, all as reflected in the Complaint.  Moreover, Navigator's allegation of "damage" is not unsupported by any allegation of fact in the Complaint and is completely inconsistent with the few facts that have been pled.  Navigator has not alleged any factual basis to support its self-serving legal conclusion that, as a broker (presumably), with no beneficial ownership interest in the shipment, and one who is neither shipper nor consignee of the shipment, it could be "damaged" by the loss of the shipment.

The Carmack Amendment is simple and straightforward.  It provides what is essentially a no fault liability regime for shippers or owners of goods lost or damaged in interstate transportation against the *carrier(s)* who lose or damage the shipment.  Since Navigator was neither shipper nor consignee, it cannot, as a matter of law, be deemed to have been "damaged" or legally qualified in any way to pursue this lawsuit against Defendants.

Although Navigator does not refer to or attach to its Complaint a copy of the bill of lading for the shipment in question, it has been well settled for many years that a bill of lading is a contract of carriage between a *shipper* and a *carrier* of goods. *EF Operating Corp. v. American Buildings*, 993 F.2d, 1046, 1050 (3rd Cir. 1993); *Louisville & Nashville R.R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 67-69, 44 S. Ct. 441, 443, 68 L. Ed. 900 (1924). A bill of lading is a receipt for the goods, a contract of carriage and documentary evidence of title to the goods. *In re Bills of Lading*, 52 I.C.C. 671, 681 (1919). In fact, the Carmack Amendment itself provides that, "Failure to issue a receipt or bill of lading does not affect the liability of a carrier." 49 U.S.C. § 14706(a)(1). Since Navigator is not a party to any contract of transportation with L & G, and at best acted only as the broker, if that, it has no standing to bring this action as a matter of law.

**2.     Preemption.**

Although Navigator does not expressly allege that its cause of action under Count I is for damages under the Carmack Amendment, but has only vaguely alleged that "L & G has breached its duty as aforesaid and Navigator has suffered damages as a result," <u>Complaint</u>, ¶11, the "breached duty" can only be that which a motor carrier is charged with under the Carmack Amendment. No other form or cause of action exists as a matter of law.

The Carmack Amendment creates a statutory cause of action under federal law against carriers who issue bills of lading for goods moving in interstate commerce and provides the exclusive remedy for such a suit. *Intech, Inc. v. Consolidated Freightways*, 836 F.2d 672, 677 (1st Cir. 1987). This statutory cause of action cannot be circumvented by alleging a claim for relief in terms of common law negligence, breach of contract or otherwise.

Courts throughout the country have adopted and followed the sweeping, comprehensive scope of Carmack Amendment preemption and uniformity of treatment, regardless of state laws.

*See, e.g., Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983), *quoting Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918) ("'As to interstate shipments,. . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation.'"); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Atchison T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916).

The United States Court of Appeals for the First Circuit also has upheld the sweeping breadth of Carmack Amendment preemption of all state law claims, including even unfair and deceptive trade practices claims under Mass. Gen. Laws c. 93A. *Rini v. United Van Lines, Inc.*, 104 F. 3d 502 (1st Cir. 1997), *cert. denied* 522 U.S. 809, 118 S. Ct. 51 (1997).

Therefore, whoever the injured party may be, and it certainly is not Navigator, the only remedy available to that party is a statutory action by a shipper (or the beneficial owner of the goods) against the carrier under the Carmack Amendment. There are no facts in the Complaint that demonstrate such a claim.

### 3. No claim lies against Hartford under 49 U.S.C. § 13906(a)(3).

Navigator, having failed to allege a claim upon which relief can be granted against defendant L & G, clearly is foreclosed from obtaining any recovery against Hartford. Title 49, United States Code, Section 13906(a)(3), relied upon by Navigator to support is claim against Hartford under Count II, provides as follows:

> (3) **Transportation Insurance.** The Secretary may require a registered motor carrier to file with the Secretary a type of security sufficient *to pay a shipper or consignee* for damage to property of the *shipper or consignee placed* in the possession of the motor carrier as the result of transportation provided under this part. A carrier required by law to pay a *shipper or consignee* for loss, damage, or default for which a connecting motor carrier is responsible is subrogated, to the extent of the amount paid, to the rights of the *shipper or consignee* under any such security. (Emphasis added.)

49 U.S.C. §13906(a)(3).  Again, since Navigator is neither the shipper nor the consignee of the shipment by its own admission, then it has failed to allege a claim upon which relief can be granted against Hartford under Count II as a matter of law.

For the foregoing reasons, the entire Complaint of Plaintiff Navigator should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

                                                    HARTFORD FIRE INSURANCE COMPANY
                                                    By its attorney,

September 2, 2004                        /s/ "Wesley S. Chused"
                                                 Wesley S. Chused, BBO #083520
                                                 LOONEY & GROSSMAN LLP
                                                 101 Arch Street
                                                 Boston, MA  02110
                                                 (617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2004, I served a copy of the foregoing pleading upon all parties hereto electronically or via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

                                    Leonard M. Singer, Esq.
                                    Craighead Glick LLP
                                    277 Dartmouth Street
                                    Boston, MA 02116
                                    Fax (617) 859-7272

                                    L & G Express, Inc.
                                    6731 North Keating Avenue
                                    Lincolnwood, IL 60712

                                                 /s/ "Wesley S. Chused"
                                                 Wesley S. Chused