# Looney & Grossman LLP
### Attorneys at Law

Wesley S. Chused
Voicemail: Ext. 551
Email: wchused@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

September 1, 2004

Tony Anastas, Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

Re:    Navigator Logistics Management, Inc. v.
       L & G Express, Inc. and Hartford Insurance Group
       Civil Action No. 04-11871-PBS

Dear Mr. Anastas:

Pursuant to Local Rule 81.1(a) enclosed for filing are certified copies of the state court docket sheet and pleadings in the above civil action.

Kindly file these in your usual manner.  Thank you.

Very truly yours,

Wesley S. Chused

WSC/dml
Enclosures
cc:    Leonard M. Singer, Esq.
       L & G Express, Inc.

L:\11344\008\Ltr\01.doc

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
**Case Summary**
**Civil Docket**

# PLCV2004-00867
## Navigator Logistics Management, Inc. v L & G Express, Inc. et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 07/13/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 08/30/2004 | **Session** | B - Civil B - CtRm 1 (Plymouth) | | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/11/2004 | **Answer** | 12/10/2004 | **Rule12/19/20** | 12/10/2004 |
| **Rule 15** | 12/10/2004 | **Discovery** | 05/09/2005 | **Rule 56** | 06/08/2005 |
| **Final PTC** | 07/08/2005 | **Disposition** | 09/06/2005 | **Jury Trial** | No |

---

### PARTIES

**Plaintiff**
Navigator Logistics Management, Inc.
6 Main Street Extension
Plymouth, MA 02360
Active 07/13/2004

**Private Counsel 464600**
Leonard M Singer
Craighead Glick
277 Dartmouth Street
3rd floor
Boston, MA 02116
Phone: 617-859-8200
Fax: 617-859-7272
Active 07/13/2004 Notify

**Defendant**
L & G Express, Inc.
6731 No. Keating Avenue
Lincolnwood, IL 60712
Service pending 07/13/2004

**Defendant**
Hartford Insurance Group
Box 3122
Naperville, IL 60566-7122
Served: 08/09/2004
Served (answr pending) 08/16/2004

**Private Counsel 083520**
Wesley S Chused
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 08/30/2004 Notify

---

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/13/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 07/13/2004 | | Origin 1, Type B04, Track F. |
| 08/16/2004 | 2.0 | SERVICE RETURNED: Hartford Insurance Group (Defendant), return receipt |
| 08/30/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts. Attested copies of case sent to Wesley S. Chused, Esq., of Looney & Grossman, LLP, 101 Arch St., Boston, MA 02110. |

### EVENTS

MAS-23031124                     Case 1:04-cv-11871-PBS    Document 6    Filed 09/02/2004    Page 3 of 24                08/30/2004
campbell                                    Commonwealth of Massachusetts                                                03:38 PM
                                            PLYMOUTH SUPERIOR COURT
                                                   Case Summary
                                                   Civil Docket

## PLCV2004-00867
## Navigator Logistics Management, Inc. v L & G Express, Inc. et al

A TRUE COPY ATTEST

*Frank R. Powers*

CLERK



COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                                    TRIAL COURT DEPARTMENT
                                                    PLYMOUTH SUPERIOR COURT
                                                    CIVIL ACTION NO.

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JUL 1 3 2004

Frank R. Fowes
CLERK

\* \* \* \* \* \* \* \* \* \*

NAVIGATOR LOGISTICS                                 \*
MANAGEMENT, INC.,                                   \*
                                                    \*
                                                    \*
        PLAINTIFF                                   \*
                                                    \*
        V.                                          \*
                                                    \*
L & G EXPRESS, INC. and                             \*
HARTFORD INSURANCE GROUP                            \*
                                                    \*
                                                    \*
        DEFENDANTS                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RECEIVED

JUL 1 3 2004

PLYMOUTH SUPERIOR COURT

### COMPLAINT

Plaintiff brings this action to recover damages it sustained as a result of its goods being

lost in the course of shipment in interstate commerce.

1.    Plaintiff Navigator Logistics Management, Inc. (Navigator) is a broker in the business of

      arranging for the shipment of goods. Navigator has its place of business at 6 Main St.

      Extension, Plymouth, Massachusetts.

2.    Defendant L & G Express, Inc. (L & G) is a motor common carrier having a place of

      business at 6731 North Keating Avenue, Lincolnwood, Illinois 60712. Pursuant to

      regulations issued by the Federal Motor Carrier Safety Administration, L & G has

      designated James M. Burns, 935 Main Street, Springfield, Massachusetts as its agent for

      the service of process in the Commonwealth of Massachusetts.

3.    Defending Hartford Insurance Group (Hartford) is an insurance company having and

      address at Box 3122, Naperville, Illinois 60566-7122. Hartford regularly does business in

T. Q. +
summonses sent

the Commonwealth.

4.    On or about December 22, 2003, L & G picked up 2208 cases of air fresheners which
      were packed on 28 pallets.  The air fresheners were picked up at a warehouse operated by
      Medo Industries, 2010 Washington Blvd., Baltimore, Maryland.  400 cases packed on six
      pallets were for delivery to the Closeout Group Warehouse, 23623 Colonial Parkway,
      Katy, Texas and the remaining cases and pallets were to be delivered to the Closeout
      Group Warehouse, 4000 Union Pacific Ave., City of Commerce, California.

5.    L & G's driver acknowledged receipt of all 228 cases and 28 pallets in good order and
      condition.

6.    L & G delivered the 400 cases and 6 pallets to Katy, Texas but has failed to deliver the
      remaining cases and pallets to City of Commerce, California.

7.    Navigator has been authorized to bring this action by all the parties having any interest in
      the missing goods.

8.    Navigator has been damaged by L & G's failure to deliver the air fresheners to City of
      Commerce, California.

                              COUNT I - AGAINST L & G

9.    As a common carrier in interstate commerce, L & G had a duty to safeguard the air
      fresheners and to deliver them in good order and condition to the Closeout Group
      Warehouse in City of Commerce.

10.   L & G has breached its duty as aforesaid and Navigator has suffered damages as a result.

11.   Navigator has submitted a claim for its loss to L & G and has satisfied all conditions
      precedent to its right to recover damages from L & G.

                                        -2-

## COUNT II - AGAINST HARTFORD

12. Hartford issued a policy of insurance to L & G insuring L & G for the claim that Navigator has made against L & G. Prior to the shipment at issue, Navigator received a certificate of such insurance from Hartford's agent.

13. Hartford's policy contained a so-called BMC-32 endorsement as provided for in 49 USC §13906 (a) (3) and a copy of said indorsement was filed with the appropriate federal agencies.

14. Hartford is liable to Navigator for the loss of the air fresheners pursuant to its policy of insurance, the Certificated issued by its agent and the form BMC-32.

15. All conditions precedent to Navigator's right to recover from Hartford have been satisfied.

WHEREFORE Navigator demands that judgment enter against the defendants for the damages it has sustained plus such other and further relief as the Court deems just and proper.

NAVIGATOR LOGISTICS
MANAGEMENT, INC.

By its attorney,

Leonard M. Singer
BBO 464600
Craighead Glick LLP
277 Dartmouth Street
Boston, Massachusetts 02116
(617) 859-8200

-3-

A TRUE COPY ATTEST

Frank R. Farrell
CLERK

CRAIGHEAD GLICK LLP

COUNSELLORS AT LAW

277 DARTMOUTH STREET BOSTON MASSACHUSETTS 02116    PHONE 617.859.8200    FAX 617.859.7272

Leonard M. Singer

July 7, 2004

Civil Clerk
Plymouth Superior Court
Court Street
Plymouth, Massachusetts 02360

> **RECEIVED**
>
> JUL 1 3 2004
>
> PLYMOUTH SUPERIOR COURT

Re:   *Navigator Logistics Management v. L & G Express, Inc.*

PLCV 2004-0867-B

Dear Sir/Madam:

Please find enclosed for filing (1) a Complaint and (2) a Civil Cover Sheet. I also
enclose a check for $285 for the filing fee and for two summonses. Can you please date
stamp and note the civil action number on the enclosed copy of the complaint and return it to
me along with the two summonses in the enclosed self-addressed stamped envelope.

Thank you very much for your cooperation.

Very truly yours,

Leonard M. Singer
Leonard M. Singer

| CIVIL ACTION COVER SHEET | (docket no. (s)) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

PLAINTIFF(S)

Navigator Logistics Management, Inc.

DEFENDANT(S)

L&G Express, Inc. and
Hartford Insurance Group

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Leonard M. Singer, Craighead Glick LLP
277 Dartmouth Street
Boston, MA 02116   phone: 617-542-9800
Board of Bar Overseers number:  464600

ATTORNEY (if known)

RECEIVED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT OF THE TRIAL COURT
PLYMOUTH COUNTY

**Origin code and track designation**

JUL 1 3 2004

*Franto R. Power*
CLERK

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct.C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | PROPERTY DAMAGE | ( F ) | ( ) Yes   ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

Subtotal $. . . . . . . . . . .

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 55,531.45 . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F.  Other documented items of damages (describe)

$. . . . . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . .
TOTAL $. . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY ATTEST

*Franto R. Power*
CLERK

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 7/9/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2004-00867-B**

RE:   **Navigator Logistics Management, Inc. v L & G Express, Inc. et al**

TO: Leonard M Singer, Esquire
    Craighead Glick
    277 Dartmouth Street
    3rd floor
    Boston, MA 02116

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/11/2004 |
| Response to the complaint filed (also see MRCP 12) | 12/10/2004 |
| All motions under MRCP 12, 19, and 20 filed | 12/10/2004 |
| All motions under MRCP 15 filed | 12/10/2004 |
| All discovery requests and depositions completed | 05/09/2005 |
| All motions under MRCP 56 served and heard | 06/08/2005 |
| Final pre-trial conference held and firm trial date set | 07/08/2005 |
| Case disposed | 09/06/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in **CtRm 1 (Court Street, Plymouth) at Plymouth Superior Court.**

Dated: 07/13/2004

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://**ma-trialcourts.org/tcic**

cvdtract_2.wpd 413822 inidoc01 campbell

A TRUE COPY ATTEST

Francis R. Powers
**CLERK**

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                    SUPERIOR COURT DEPARTMENT OF THE
                                                 TRIAL COURT OF THE COMMONWEALTH
                                                 CIVIL ACTION NO. 04-867B

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 16 2004

Frank R. Powers
CLERK

NAVIGATOR LOGISTICS MANAGEMENT, INC., Plaintiff(s)

                        vs.

HARTFORD INSURANCE GROUP................., Defendant(s)

## SUMMONS

To the above-named defendant:

                                                 Leonard M. Singer, Esq.
    You are hereby summoned and required to serve upon Craighead Glick LLP..... plaintiff
attorney, whose address is 277 Dartmouth Street, Boston, MA 02116 an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff        which arises out of the transaction or occurrence that is the subject
matter of the plaintiff     claim or you will thereafter be barred from making such claim in any other action.

    Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the Twenty Eighth................day of
July................., in the year of our Lord Two thousand and four.

                                                 Frank R. Powers
                                                 CLERK

NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
      If a separate summons is used for each defendant, each should be addressed to the particular
      defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
      Equitable Relief-Other.

PROOF OF SERVICE OF PROCESS
I hereby certify and return that on ......August 4..................., 2004, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    in the
following manner(See Mass. R. Civ. P. 4(d)(1-5): Mailing a copy by certified mail, return
receipt requested to the defendant at Box 3122, Naperville, IL 60866.
See attached return receipt

Dated: August 13 , 2004.................................    Leonard M. Singer

N.B.    TO PROCESS SERVER:
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

                                                          2004
                              A TRUE COPY ATTEST

                              Frank R. Powers
                              CLERK

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hartford Insurance
Group
Box 3122
Napenville, Illinois 60566-
3122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

A TRUE COPY ATTEST

Frank R. _____
CLERK

RECEIVED

AUG 3 0 2004

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

TRIAL COURT DEPARTMENT
SUPERIOR COURT DEPT



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 3 0 2004

CLERK

NAVIGATOR LOGISTICS
MANAGEMENT, INC.,

　　　　*Plaintiff,*

v.

L & G EXPRESS, INC. and
HARTFORD INSURANCE GROUP,

　　　　*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
NO. 2004-867-B

## NOTICE OF FILING NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. §1446(d)

**TO:**　(1)　Civil Clerk, Plymouth Superior Court Department, Court Street, Plymouth, MA 02360;

　　　　(2)　Leonard M. Singer, Esq., Craighead Glick LLP, 227 Dartmouth Street, Boston, MA 02116; and

　　　　(3)　L & G Express, Inc., 6731 North Keating Avenue, Lincolnwood, IL 60712.

---

**Please take notice** that a Notice of Removal removing the within action, Civil Action No. 2004-867-B, from the Plymouth Superior Court Department, Plymouth County, Plymouth, Massachusetts to the United States District Court for the District of Massachusetts, a certified copy of which is attached hereto, was duly filed in the office of the Clerk of the United States District

Court for the District of Massachusetts, Boston, Massachusetts, on August 27, 2004 and assigned

Civil Action No. 04-11871-PBS.

<div style="text-align:right">

HARTFORD FIRE INSURANCE COMPANY
By its attorney,

</div>

August 27, 2004

Wesley S. Chused, BBO #083520
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2004, I served a copy of the foregoing pleading upon all

parties hereto electronically or via facsimile or by mailing copies thereof, via first-class mail,

postage prepaid, properly addressed to:

Leonard M. Singer, Esq.
Craighead Glick LLP
277 Dartmouth Street
Boston, MA 02116

L & G Express, Inc.
6731 North Keating Avenue
Lincolnwood, IL 60712

Wesley S. Chused

A TRUE COPY ATTEST

Frank R. Fawus

CLERK



I HEREBY CERTIFY ON 8-27-04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
TONY ANASTAS
CLERK U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

COPY

NAVIGATOR LOGISTICS )
MANAGEMENT, INC., )
)
*Plaintiff,* )
)
v. )
) CIVIL ACTION
L & G EXPRESS, INC. and ) NO.
HARTFORD INSURANCE GROUP, )
)
*Defendants.* )

**04  11871  PBS**

## NOTICE OF REMOVAL

**TO:**    The Honorable Judges of the United States District Court for the District of Massachusetts:

1.    The Petitioner, Hartford Fire Insurance Company ("Hartford"), respectfully shows, upon information and belief, that it is one of the two named defendants in the above-entitled civil action brought by the plaintiff, Navigator Logistics Management, Inc. ("Navigator"), which is now pending in the Plymouth Superior Court Department, Plymouth County Massachusetts, Civil Action No. 2004-867-B ("Civil Action").

2.    On or about July 28, 2004, the Civil Action was commenced in the aforesaid Plymouth Superior Court Department, and Petitioner was served, via certified mail on August 9, 2004, with the Summons, Complaint and Plaintiff's Statement of Damages, **Exhibit A** hereto.

3.    Upon information and belief, no further proceedings have been had in the Civil Action, and the time of Petitioner within which to file a notice of removal has not expired.

4.    **Jurisdiction**.  Based on the allegations contained in the Complaint, this is a civil suit which may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441 in that Plaintiff alleges a claim involving an Act of Congress regulating commerce, to wit: a claim in excess of $10,000, exclusive of costs, for loss or damage to a shipment of property allegedly transported by defendant L & G Express, Inc. ("L & G"), Petitioner's insured, in interstate commerce from Baltimore, Maryland to Katy, Texas and City of Commerce California on or about December 22, 2003.  Complaint, ¶¶ 4-8.  Therefore, the Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14706, governs Plaintiff's claims for loss or damage to the subject shipment.  The amount of damages claimed by Plaintiff is $55,531.45.  *See* Exhibit A, Statement of Damages.  The action is therefore removable pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

In addition, Plaintiff's claim against Petitioner is based upon Petitioner's having filed a Form BMC-32 endorsement with the Federal Motor Carrier Safety Administration as provided for in 49 U.S.C. § 13906.  Complaint, ¶ 13.  Therefore, both original jurisdiction under 28 U.S.C. § 1337(a) *and* supplemental jurisdiction pursuant to 28 U.S.C. § 1367 exist over Plaintiff's claim against Petitioner in that Plaintiff's claim against Petitioner is so related to its claim against L & G that it forms a part of the same case or controversy under Article III of the United States Constitution.

Pursuant to 28 U.S.C. § 1441(a), this action is one that may be removed by Petitioners to this Court.

5.    **Non-Joinder of Defendant L & G**.  The fact that defendant L & G has not joined in this removal does not affect Hartford's right to remove for several reasons.  Upon information and

belief, L & G has not been served nor has it appeared or answered in this action and it is unknown whether it ever will.  Nonetheless, the Complaint does not allege sufficient facts to show that L & G, a corporation headquartered in Illinois, Complaint, ¶ 2, conducted sufficient activities in Massachusetts or that the shipment involved in this lawsuit, which was transported from Maryland to Texas and California, Complaint, ¶ 4, had anything to do with Massachusetts that would constitute a basis for this Court (or any Massachusetts court) to exercise personal jurisdiction over L & G.  The fact that L & G may have designated an agent for service of process in Massachusetts for purposes of complying with 49 U.S.C. §§ 13303 and 13304 does not confer personal or subject matter jurisdiction over L & G on these alleged facts.

In addition, even if L & G has been served, such service would be ineffective and would not confer personal jurisdiction of this Court over L & G, and hence it need not join in this removal, because a civil action seeking to recover damages for goods lost or damaged in interstate commerce must be brought against the carrier alleged to have caused the loss or damage (L & G) in the judicial district in which such loss or damage is alleged to have occurred.  49 U.S.C. § 14706(d)(2).  Since the loss in this case is alleged to have occurred during transportation from Maryland to Texas and California, Complaint, ¶¶ 4-8, and had nothing to do with Massachusetts, this Court lacks subject matter jurisdiction over Plaintiff's claim against L & G and any service upon L & G is ineffective.

Nominal defendants or defendants named to prevent removal need not join in the removal.  Farias v. Bexar County Bd. of Trustees, 925 F.2d 866, 871 (5th Cir. 1991); Tri Cities Newspapers, Inc. v. Tri Cities P.P. & A. Local 349, 427 F.2d 325, 327 (5th Cir. 1970); Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272-273 (7th Cir. 1982).  If a defendant has not been served, the removing party need not join that defendant in the removal.  Great American Insurance Company v. K& R Transportation, Inc., 2004 U.S. Dist. LEXIS 8695 (N.D. Ill, 2004).

6.    **Venue**. Petitioner desires to remove this action to the district court of the United States for the district in which it is now pending, to wit, the District of Massachusetts. 28 U.S.C. § 1446(a).

7.    After the filing of this Notice of Removal with the United States District Court for the District of Massachusetts, (a) written notice of the filing of this notice will be given by the attorneys for Petitioner to Plaintiff and all other parties as provided by law, (b) a certified copy of this notice will be filed with the Clerk of the Plymouth Superior Court Department, Plymouth, Massachusetts, and (c) certified copies of all pleadings on file in said Plymouth Superior Court Department will be filed with this Court.

8.    Petitioner has a good and sufficient defense to Plaintiff's claims in this action.

9.    No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioner Hartford Fire InsuranceCompany prays that this action be removed from the Plymouth Superior Court Department, Plymouth, Massachusetts, to the United States District Court for the District of Massachusetts.

HARTFORD FIRE INSURANCE COMPANY
By its attorney,

August 27, 2004

Wesley S. Chused, BBO #083520
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on August 27 2004, I served a copy of the foregoing **NOTICE OF**

**REMOVAL** upon all parties hereto electronically or via facsimile or by mailing copies thereof, via

first-class mail, postage prepaid, properly addressed to:

> Leonard M. Singer, Esq.
> Craighead Glick LLP
> 277 Dartmouth Street
> Boston, MA 02116
>
> L & G Express, Inc.
> 6731 North Keating Avenue
> Lincolnwood, IL 60712

Wesley S. Chused

# CRAIGHEAD GLICK LLP

## COUNSELLORS AT LAW

277 DARTMOUTH STREET BOSTON MASSACHUSETTS 02116    PHONE 617.859.8200    FAX 617.859.7272

Leonard M. Singer

August 4, 2004

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Hartford Insurance Group
Box 3122
Naperville, Illinois 60566-7122

AUG 0 9 2004

      Re:   *Navigator Logistics Management v. L & G Express, Inc.*

Dear Sir/Madam:

      Please find enclosed (1) Summons; (2) Complaint (3) Civil Cover Sheet and (4) Tracking Order. These materials are served on you pursuant to Massachusetts Rule of Civil Procedure 4.

      Very truly yours,

      Leonard M. Singer

PLYMOUTH, ss.

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. 2004-867-B

NAVIGATOR LOGISTICS MANAGEMENT, INC., Plaintiff(s)

vs.

HARTFORD INSURANCE GROUP, Defendant(s)

SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Leonard M. Singer, Esq. Craighead Glick LLP plaintiff attorney, whose address is 277 Dartmouth Street, Boston, MA 02116 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the Twenty Eighth day of July, in the year of our Lord Two thousand and four.

[signature]
CLERK

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................, 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5): ........................

........................

........................

Dated: , 2004........................

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 2004 |
|---|

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

Aug 12 04 10:26a    Karen Rzeszutko        630-513-7958        p.4

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                          TRIAL COURT DEPARTMENT
                                       PLYMOUTH SUPERIOR COURT
                                       CIVIL ACTION NO.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NAVIGATOR LOGISTICS                    \*
MANAGEMENT, INC.,                      \*
                                       \*
              PLAINTIFF                 \*
                                       \*
         V.                            \*
                                       \*
L & G EXPRESS, INC. and                \*
HARTFORD INSURANCE GROUP               \*
                                       \*
              DEFENDANTS                \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT

Plaintiff brings this action to recover damages it sustained as a result of its goods being lost in the course of shipment in interstate commerce.

1.    Plaintiff Navigator Logistics Management, Inc. (Navigator) is a broker in the business of arranging for the shipment of goods. Navigator has its place of business at 6 Main St. Extension, Plymouth, Massachusetts.

2.    Defendant L & G Express, Inc. (L & G) is a motor common carrier having a place of business at 6731 North Keating Avenue, Lincolnwood, Illinois 60712. Pursuant to regulations issued by the Federal Motor Carrier Safety Administration, L & G has designated James M. Burns, 935 Main Street, Springfield, Massachusetts as its agent for the service of process in the Commonwealth of Massachusetts.

3.    Defending Hartford Insurance Group (Hartford) is an insurance company having and address at Box 3122, Naperville, Illinois 60566-7122. Hartford regularly does business in

the Commonwealth.

4.  On or about December 22, 2003, L & G picked up 2208 cases of air fresheners which were packed on 28 pallets. The air fresheners were picked up at a warehouse operated by Medo Industries, 2010 Washington Blvd., Baltimore, Maryland. 400 cases packed on six pallets were for delivery to the Closeout Group Warehouse, 23623 Colonial Parkway, Katy, Texas and the remaining cases and pallets were to be delivered to the Closeout Group Warehouse, 4000 Union Pacific Ave., City of Commerce, California.

5.  L & G's driver acknowledged receipt of all 228 cases and 28 pallets in good order and condition.

6.  L & G delivered the 400 cases and 6 pallets to Katy, Texas but has failed to deliver the remaining cases and pallets to City of Commerce, California.

7.  Navigator has been authorized to bring this action by all the parties having any interest in the missing goods.

8.  Navigator has been damaged by L & G's failure to deliver the air fresheners to City of Commerce, California.

## COUNT I - AGAINST L & G

9.  As a common carrier in interstate commerce, L & G had a duty to safeguard the air fresheners and to deliver them in good order and condition to the Closeout Group Warehouse in City of Commerce.

10. L & G has breached its duty as aforesaid and Navigator has suffered damages as a result.

11. Navigator has submitted a claim for its loss to L & G and has satisfied all conditions precedent to its right to recover damages from L & G.

-2-

## COUNT II - AGAINST HARTFORD

12.   Hartford issued a policy of insurance to L & G insuring L & G for the claim that

Navigator has made against L & G. Prior to the shipment at issue, Navigator received a

certificate of such insurance from Hartford's agent.

13.   Hartford's policy contained a so-called BMC-32 endorsement as provided for in 49 USC

§13906 (a) (3) and a copy of said indorsement was filed with the appropriate federal

agencies.

14.   Hartford is liable to Navigator for the loss of the air fresheners pursuant to its policy of

insurance, the Certificated issued by its agent and the form BMC-32.

15.   All conditions precedent to Navigator's right to recover from Hartford have been satisfied.

WHEREFORE Navigator demands that judgment enter against the defendants for the

damages it has sustained plus such other and further relief as the Court deems just and proper.

NAVIGATOR LOGISTICS
MANAGEMENT, INC.

By its attorney,

Leonard M. Singer
BBO 464600
Craighead Glick LLP
277 Dartmouth Street
Boston, Massachusetts 02116
(617) 859-8200

-3-

Aug 12 04 10:27a    Karen Rzeszutko    630-513-7958    p.7

| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S) | **Trial Court of Massachusetts Superior Court Department** County:_____ |
| --- | --- | --- |

| PLAINTIFF(S) | DEFENDANT(S) |
| --- | --- |
| Navigator Logistics Management, Inc. | L&G Express, Inc. and Hartford Insurance Group |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Leonard M. Singer, Craighead Glick LLP 277 Dartmouth Street Boston, MA 02116 phone: 617-859-8200 Board of Bar Overseers number 464600 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B04    PROPERTY DAMAGE    (F)    ( ) Yes    (X) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                 Subtotal $. . . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 55,531.45 . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F.  Other documented items of damages (describe)
                                            $. . . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                            $. . . . . . . . . . . .
                                    TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                    TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Leonard M. Singer_    DATE: 7/9/04