COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                  SUPERIOR COURT DEPARTMENT OF THE
                                               TRIAL COURT OF THE COMMONWEALTH
                                               CIVIL ACTION NO.

NAVIGATOR LOGISTICS MANAGEMENT, INC, Plaintiff(s)

vs.

L. & G. EXPRESS, INC., ............................, Defendant(s)

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Leonard M. Singer, Esq. Craighead Glick LLP plaintiff attorney, whose address is 277 Dartmouth Street, Boston, MA 02116 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the .....Twenty Eighth................day of .....July...................., in the year of our Lord Two thousand and four.

*[signature]*
CLERK.

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. <u>To the plaintiff's attorney</u>: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ....August 4........................, 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4(d)(1-5): By mailing it to the defendant's duly appointed agent for service of process who accepted it on the defendant's behalf.

Dated: September 3, 2004.    Leonard M. Singer

N.B.    TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

                                                            , 2004

<u>NOTICE TO DEFENDANT</u> - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    TRIAL COURT DEPARTMENT
                                                 PLYMOUTH SUPERIOR COURT
                                                 CIVIL ACTION NO. 2004-0867-B

* * * * * * * * * * * * * * * * *
NAVIGATOR LOGISTICS              *
MANAGEMENT, INC.,                *
                                 *
         PLAINTIFF               *
                                 *
V.                               *
                                 *
L & G EXPRESS, INC. and          *
HARTFORD INSURANCE GROUP         *
                                 *
         DEFENDANTS              *
* * * * * * * * * * * * * * * * *

## AFFIDAVIT REGARDING PROCESS

James M. Burns, being duly sworn, deposes and says:

1.  I am the duly appointed agent for service of process for L & G Express, Inc. in the Commonwealth of Massachusetts.

2.  I acknowledge receipt on behalf of L & G Express, Inc. of the summons and complaint in this matter.

Signed under the pains and penalties of perjury on September 1, 2004.

_____
James M. Burns