UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 OCT -1  P 4: 44
U.S. DISTRICT COURT
DISTRICT OF MASS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
NAVIGATOR LOGISTICS           \*
MANAGEMENT, INC., and         \*
THE CLOSEOUT GROUP! INC.      \*
                              \*
       PLAINTIFFS             \*
                              \*
V.                            \*    C. A. 04-11871-PBS
                              \*
L & G EXPRESS, INC. and       \*
HARTFORD INSURANCE GROUP      \*
                              \*
       DEFENDANTS             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE TO MOTION TO DISMISS**
and
**MOTION TO AMEND COMPLAINT**

In response to Hartford Fire Insurance Company's ("Hartford") Motion to Dismiss, Navigator Logistics Management, Inc. ("Navigator") hereby moves to amend its complaint. The proposed Amended Complaint is annexed hereto. As explained in this Response, the Amended Complaint resolves the issues raised by Hartford's Motion to Dismiss and, therefore, that motion ought to be denied.

The gist of Hartford's Motion to Dismiss is Hartford's assertion that Navigator is neither the shipper, consignee or beneficial owner of the missing goods. Hartford expresses its concern that "there would be nothing to prevent the beneficial owner(s) of the lost property ... from also instituting suit against [it]." (Memorandum in Support of Motion to Dismiss at p. 4) Hartford also points out that the law governing Navigator's claim is the Carmack Amendment to the ICCTA, 49 USC §14706, and that this statute provides a remedy for "shippers or *owners of goods* lost or damaged in interstate transportation." (Memorandum in Support of Motion to

Dismiss at p. 4)(emphasis supplied)

Manifestly, the grounds for Hartford's Motion to Dismiss is vitiated by the attached Amended Complaint. That Amended Complaint is brought by both Navigator and The Closeout Group! Inc. ("Closeout") as plaintiffs. Closeout was the owner of the lost goods. (Amended Complaint at ¶2) Hartford's own arguments in its Motion to Dismiss establish that the addition of Closeout cures any deficiency in the complaint as originally filed.

Although Hartford characterizes its motion as being brought under Rule 12(b)(6), in reality the basis for its motion is Rule 17. Rule 17(a) requires that every action "be prosecuted in the name of the real party in interest." What Hartford is alleging is that Navigator, as neither the shipper, the consignee nor the owner of the goods, is not the real party in interest.

Given the proper classification of Hartford's motion, it is clear that the Motion to Dismiss should be denied and that Navigator's Motion to Amend Complaint ought to be allowed. After requiring that actions be brought in the name of the real party in interest, Rule 17(a) goes on to provide that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... joinder or substitution of the real party in interest." Navigator's Motion to Amend Complaint seeks to join Closeout, clearly a party in interest, as a plaintiff. To the extent that Hartford's motion seeks dismissal of the complaint, it seeks precisely the relief that Rule 17(a) forbids.

## CONCLUSION

If there is any deficiency in Navigator's original complaint, it is cured by the proposed Amended Complaint. That is a sufficient basis for denying Hartford's Motion to Dismiss and

allowing Navigator's Motion to Amend Complaint.

> NAVIGATOR LOGISTICS
> MANAGEMENT INC.
>
> By its attorney,
>
> */s/ Leonard M. Singer*
> Leonard M. Singer
> BBO 464600
> Craighead Glick LLP
> 277 Dartmouth Street
> Boston, Massachusetts 02116
> (617) 859-8200

## CERTIFICATE OF SERVICE

I, Leonard M. Singer, hereby certify that I served the foregoing on all parties. Such service was made by causing a copy of the foregoing to be mailed to L & G Express, Inc., 6731 North Keating Avenue, Lincolnwood, Illinois 60712 and faxed to Wesley S. Chused, Looney & Grossman, 101 Arch Street, Boston, Massachusetts 02110 on October 1, 2004.

*/s/ Leonard M. Singer*
Leonard M. Singer