UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NAVIGATOR LOGISTICS MANAGEMENT, INC., | ) ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION |
| L & G EXPRESS, INC. and HARTFORD INSURANCE GROUP, | ) ) ) | NO.  04-11871-PBS |
| *Defendants.* | ) ) ) | |
| and | ) ) | |
| L & G EXPRESS, INC., | ) ) | |
| *Third-Party Plaintiff* | ) ) | |
| v. | ) ) | |
| PISTON FREIGHT LINES, INC., | ) ) | |
| *Third-Party Defendant* | ) ) | |

**ANSWER OF DEFENDANT HARTFORD FIRE INSURANCE COMPANY
TO AMENDED COMPLAINT**

Defendant Hartford Fire Insurance Company ("Hartford"), for its answer to the Amended

Complaint of the Plaintiff, Navigator Logistics Management, Inc. ("Navigator"), states as

follows in response to each corresponding paragraph therein:

1.      Hartford is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Amended Complaint, and therefore

neither admits nor denies said allegations but calls upon Navigator to prove the same.

L:\11344\008\Pld\10.doc

2.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Navigator to prove the same.

3.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Navigator to prove the same.

4.      Denied; except Hartford admits that it is an insurance company and regularly does business in the Commonwealth of Massachusetts.

5.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Navigator to prove the same.

6.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Navigator to prove the same.

7.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Navigator to prove the same.

8.      Denied.

9.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, and therefore neither admits nor denies said allegations but calls upon Navigator to prove the same.

10.     Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint, and therefore

neither admits nor denies said allegations but calls upon Navigator to prove the same.

11.     Hartford is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 11 of the Amended Complaint, and therefore

neither admits nor denies said allegations but calls upon Navigator to prove the same.

12.     Denied; except Hartford admits that it issued a cargo insurance policy to L & G

insuring L & G for certain cargo losses subject to the terms and conditions therein.

13.     Admitted.

14.     Denied.

15.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which can be granted and must

be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff Navigator has no standing under 49 U.S.C. §14706 to bring any claims against

Defendant Hartford, and its Amended Complaint must therefore be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Defendant L & G Express, Inc. ("L & G") failed to comply with the requirements of

Hartford's policy, as a result of which Hartford's liability, if any, under the Form BMC –32

endorsement is limited to the sum of $5,000.00.

## FOURTH AFFIRMATIVE DEFENSE

Whatever claim Plaintiffs may have against Hartford or L & G are limited by the terms

and scope of the bill of lading or other applicable contract of carriage between L & G and

Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted under the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. §14706, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**SIXTH AFFIRMATIVE DEFENSE**

Whatever shipment was received for transportation by Defendant L & G was accepted in accordance with, subject to and limited by the terms and conditions of the bill of lading or other applicable contract of carriage between L & G and Plaintiffs, and L & G's effective classifications and tariffs, the rules set forth therein, and the rules and regulations of the Federal Motor Carrier Safety Administration.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants' liability to Plaintiffs, if any, is limited to the declared or released rate valuation in accordance with the bill of lading or other applicable contract of carriage between L & G and Plaintiffs governing the subject shipment.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are not liable for loss or damage caused by or resulting from an act, omission or order of the shipper or from a defect or inherent vice of the articles in the shipment.

**NINTH AFFIRMATIVE DEFENSE**

In the event that Plaintiffs did not have or do not have any title or interest in the shipment that is the subject of the Amended Complaint, then they are not the real party(ies) in interest, have no standing herein and are not entitled to any recovery.

### TENTH AFFIRMATIVE DEFENSE

If the shipment referred to in the Amended Complaint suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of a third party or parties over whom Defendants had no control, and Defendants, therefore, are not liable.

### ELEVENTH AFFIRMATIVE DEFENSE

The bill of lading, tariffs and classifications, or other applicable contract of carriage between L & G and Plaintiffs governing the subject shipment do not contemplate carrier responsibility for special damages.  To the extent any of the damages sought by Plaintiffs in their Amended Complaint are special damages, Defendants are not liable.

WHEREFORE, Defendant Hartford Fire Insurance Company demands judgment dismissing the Amended Complaint of the Plaintiffs and awarding Defendant Hartford costs and disbursements in this action.

                            HARTFORD FIRE INSURANCE COMPANY
                            By its attorney,

November 1, 2004                    /s/  "Wesley S. Chused"
                            Wesley S. Chused, BBO #083520
                            LOONEY & GROSSMAN LLP
                            101 Arch Street
                            Boston, MA  02110
                            (617) 951-2800

L:\11344\008\Pld\10.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2004  I served a copy of the foregoing pleading upon

all parties hereto electronically or via facsimile or by mailing copies thereof, via first-class mail,

postage prepaid, properly addressed to:

Leonard M. Singer, Esq.
CRAIGHEAD GLICK LLP
277 Dartmouth Street
Boston, MA 02116
Fax (617) 859-7272

Michael P. Giunta, Esq.
Douglas M. Kalata, Esq.
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

/s/  "Wesley S. Chused"
Wesley S. Chused