UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 25  P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| NAVIGATOR LOGISTICS MANAGEMENT, INC., <br> Plaintiff, <br><br> v. <br><br> L&G EXPRESS, INC. and <br> HARTFORD INSURANCE GROUP, <br> Defendants. | CIVIL ACTION NO. 04-11871-PBS |

## DEFENDANT L&G EXPRESS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant L&G Express, Inc. hereby answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph. To the extent an answer is required it is denied.

2. Admitted.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph. To the extent an answer is required it is denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph. To the extent an answer is required it is denied.

8. Denied.

## COUNT I

9. Denied.

10. Denied.

11. Denied.

## COUNT II

12-14. Paragraphs 12-14 are directed to the co-defendant Hartford Insurance Group and, therefore, no response is required.

15. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the defendant L&G Express, Inc.

### SECOND AFFIRMATIVE DEFENSE

This Court is not a proper venue to hear this action.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing to bring this action and is not a real party in interest and, therefore, the complaint should be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to join all indispensable parties to this action and, therefore, the complaint should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

All goods which the plaintiff alleges were lost in shipment were in fact delivered to the appropriate destinations.

## SEVENTH AFFIRMATIVE DEFENSE

The recipients of the goods referenced in plaintiff's complaint signed bills of lading acknowledging receipt of the goods.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiff suffered any injury or damage, which is denied, the injury or damage was caused by acts or omissions of third parties over which this defendant had no control.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's common law and state law claims are preempted by the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14706 ("the Carmack Amendment").

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's allegations are insufficient to permit recovery under the Carmack Amendment and the plaintiff is not a proper party to bring an action under the Carmack Amendment.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff has not satisfied conditions precedent to bringing this action under the Carmack Amendment and under regulations promulgated by the Federal Motor Carrier Safety Administration.

### TWELTH AFFIRMATIVE DEFENSE

Process and service of process on this defendant were not sufficient.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to any relief as the alleged damages were caused, if at all, by its or its agents' and/or servants' own acts or omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's negligence exceeded any negligence of the defendant and, therefore, the plaintiff is precluded from recovering any damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from any recovery by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from any recovery by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from any recovery by the doctrine of *in pari delicto*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from any recovery by the doctrine of economic loss.

WHEREFORE, defendant L&G Express, Inc. demands judgment in its favor against the plaintiff.

## JURY DEMAND

Defendant L&G Express, Inc. demands a trial by jury on all issues so triable.

                                        Defendant,
                                        L&G EXPRESS, INC.
                                        By its attorneys,

                                        Michael P. Giunta, BBO No. 543768
                                        DONOVAN HATEM LLP
                                        Two Seaport Lane
                                        Boston, MA  02210

Dated: 10/23/04                      617-406-4500