UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 OCT 25  P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| NAVIGATOR LOGISTICS MANAGEMENT, INC., <br> Plaintiff, <br><br> v. <br><br> HARTFORD INSURANCE GROUP, <br> Defendant, and <br> L&G EXPRESS, INC., <br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> PISTON FREIGHTLINES, INC., <br> Third-Party Defendant. | CIVIL ACTION NO. 04-11871-PBS |

### DEFENDANT/THIRD-PARTY PLAINTIFF L&G EXPRESS, INC.'S THIRD-PARTY COMPLAINT AGAINST PISTON FREIGHTLINES, INC.

Defendant/third-party plaintiff L&G Express, Inc. hereby brings this Third-Party Complaint pursuant to Fed. R. Civ. P. Rules 14(a) and 18(a) and makes the following claims against Piston Freightlines, Inc.:

1. Defendant/Third-Party Plaintiff L&G Express, Inc. ("L&G") is a corporation duly-organized under the laws of Illinois.

2. Third-Party Defendant Piston Freightlines, Inc. ("Piston") is a corporation duly-organized under the laws of Nevada, and is a motor common carrier registered with the Federal Motor Vehicle Safety Administration.

3. Piston's designated agent for service of process in Massachusetts is James Burns, Truck Process Agents of America, Inc., 935 Main Street, Suite 304, Springfield, Massachusetts 01103.

4. Plaintiff Navigator Logistics Management, Inc. has brought an action against L&G alleging that L&G failed to deliver certain goods it had contracted to ship, as more fully described in plaintiff's complaint (a copy of the complaint is attached hereto as Exhibit A).

5. L&G subcontracted the shipment of goods referenced in plaintiff's complaint to Piston.

6. L&G denies the plaintiff's allegations of non-delivery of goods, but to the extent that said allegations are proven the non-delivery was the result of acts and omissions of Piston, and did not result in any way through the fault of L&G.

7. L&G denies the plaintiff's allegations of non-delivery of goods, but to the extent that said allegations are proven the non-delivery constituted a breach of contract between Piston and L&G for delivery of said goods.

## COUNT I - INDEMNIFICATION

8. L&G re-alleges and incorporates herein by reference paragraphs 1-7 above as if fully set forth herein.

9. L&G denies that it is liable in any way to the plaintiff, but if it is found liable for the alleged loss of goods, then Piston is obligated (pursuant to 49 U.S.C. § 13906) to indemnify L&G in the full amount paid as a result of said liability, as well as to pay L&G's costs and attorney fees incurred defending this action.

## COUNT II - CONTRIBUTION

10. L&G re-alleges and incorporates herein by reference paragraphs 1-9 above as if fully set forth herein.

11. If L&G is found liable for this alleged loss of goods, which is denied, such loss was the direct result of Piston's negligent and/or intentional acts and/or omissions.

12. As a result of Piston's acts and/or omissions it owes contribution to L&G, should L&G be called upon to pay any verdict or settlement to the plaintiff.

## COUNT III – BREACH OF CONTRACT

13. L&G re-alleges and incorporates herein by reference paragraphs 1-12 above as if fully set forth herein.

14. Piston was obligated under its agreement with L&G to maintain insurance coverage to cover any claims that might arise in connection with the shipment of the goods referenced in plaintiff's complaint.

15. Piston failed to maintain insurance coverage for said shipment of goods, and that failure constitutes a breach of contract between L&G and Piston.

16. If there was a failure to deliver the goods, as alleged in plaintiff's complaint, said failure to deliver the goods by Piston constitutes a breach of its contract with L&G.

17. As a result of Piston's breaches of its contract, L&G has been exposed to potential liability against the plaintiff and other parties, has and will continue to incur defense costs and attorney fees, and has otherwise been injured and damaged.

WHEREFORE, defendant/third-party plaintiff L&G Express, Inc. demands that judgment be entered in its favor and against the third-party defendant Piston Freightlines, Inc. on the above counts in an amount to be determined by the trier of fact.

### JURY CLAIM

Defendant/third-party plaintiff L&G Express, Inc. demands a trial by jury on all issues so triable.

Dated: 10/25/04

Defendant/Third-Party Plaintiff,
L&G EXPRESS, INC.
By its attorneys,

_____
Michael P. Giunta, BBO No. 543768
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500